UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COURTNEY TYLER JOHNSON, )<br>   a/k/a "Erve;" )<br>JENNIFER FISHER, )<br>   a/k/a "Jennifer Mann;" and )<br>JACKIE D. CAMPBELL; )<br>)<br>Defendants. ) | Case No. 19-CR-20053<br><br>Title 21, United States Code<br>Sections 841(a)(1), (b)(1)(B) and<br>(b)(1)(C); 846; 856(a)(2) and (b);<br>and Title 18, United States Code<br>Sections 1001(a)(2); and 1956(h) |

# SECOND SUPERSEDING INDICTMENT

## COUNT 1
(Conspiracy to Possess with Intent to Distribute Marijuana)

**THE GRAND JURY CHARGES:**

1. Beginning on an unknown date but no later than on or about December 18, 2017, and continuing to on or about July 9, 2019, in the Central District of Illinois and elsewhere,

**COURTNEY TYLER JOHNSON, a/k/a "Erve;"
JENNIFER FISHER, a/k/a "Jennifer Mann;" and
JACKIE D. CAMPBELL;**

defendants herein, knowingly and intentionally conspired and agreed with other persons known and unknown to the grand jury to possess with the intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2. Objects of the Conspiracy

The objects of the criminal conspiracy included to obtain quantities of a mixture and substance containing a detectable amount of marijuana, to distribute and reap profits from the sale of marijuana, and to do so without detection by law enforcement authorities.

3. Means and Methods of the Conspiracy

Among the means and methods by which the conspirators conducted and participated in the criminal conspiracy are the following:

   a. In late 2017, **COURTNEY TYLER JOHNSON** occupied a storage unit leased by a family member and located on Route 121 in Decatur, Illinois, to store marijuana in preparation of re-distributing marijuana.

   b. As part of the conspiracy, **COURTNEY TYLER JOHNSON** obtained marijuana from suppliers in states outside Illinois, including California and Oregon. **COURTNEY TYLER JOHNSON** arranged for the marijuana to be transported to the Central District of Illinois by individuals driving trucks and concealing the marijuana in trailers.

   c. **COURTNEY TYLER JOHNSON** directed the transporters of the marijuana to meet **COURTNEY TYLER JOHNSON** at locations in Springfield, Illinois, and Decatur, Illinois, including the storage unit located on Route 121 in Decatur, Illinois. After the marijuana arrived, **COURTNEY TYLER JOHNSON** took possession of the marijuana so that it could be re-distributed within the Central District of Illinois.

d. **COURTNEY TYLER JOHNSON** paid for this marijuana by providing individuals with U.S. currency who drove that currency from **COURTNEY TYLER JOHNSON** to the suppliers.

4. Acts in Furtherance of the Conspiracy

In furtherance of the criminal conspiracy and to effect the objects thereof, in the Central District of Illinois and elsewhere, and on or about the dates set forth below, the defendants and others, both known and unknown to the grand jury, committed and caused to be committed acts in furtherance of the conspiracy, including, but not limited to, the following:

a. On or about December 18, 2017, Individual A drove more than $750,000 in U.S. currency, a portion of which was provided by **COURTNEY TYLER JOHNSON** to Individual A, westward through Nevada for the purpose of paying, on behalf of **COURTNEY TYLER JOHNSON**, suppliers of controlled substances for controlled substances.

b. In January 2018, **COURTNEY TYLER JOHNSON** provided Individual B with money to purchase a trailer Individual B would use to transport marijuana to the Central District of Illinois at **COURTNEY TYLER JOHNSON's** direction.

c. Beginning in February 2018, **COURTNEY TYLER JOHNSON** provided Individual B with U.S. currency that Individual B would transport from the Central District of Illinois to marijuana suppliers in states such as California and Oregon.

Individual B returned from the suppliers and transported marijuana back to **COURTNEY TYLER JOHNSON** in the Central District of Illinois.

      d.    On August 9, 2018, Individual B delivered a shipment of marijuana to **COURTNEY TYLER JOHNSON** at the storage unit located on Route 121 in Decatur, Illinois. **COURTNEY TYLER JOHNSON** visited the storage unit located on Route 121 in Decatur, Illinois, to remove portions of marijuana from the storage unit for redistribution.

      e.    On August 27, 2018, Individual B delivered another shipment of marijuana to **COURTNEY TYLER JOHNSON** at the storage unit located on Route 121 in Decatur, Illinois. On or about August 29, 2018, **COURTNEY TYLER JOHNSON** stored more than 70 kilograms of marijuana at the storage unit located on Route 121 in Decatur, Illinois.

      f.    During March and April 2019, **COURTNEY TYLER JOHNSON** used his cellular phone to place an order for more than 65 kilograms of marijuana from a source of supply in California at a price to **COURTNEY TYLER JOHNSON** of approximately $226,000.

      g.    On April 14, 2019, Gabrielle Johnson, drove through the Central District of Illinois to Chicago, Illinois, on behalf of **COURTNEY TYLER JOHNSON** to deliver approximately $200,000 owed for the marijuana **COURTNEY TYLER JOHNSON** ordered in March and April 2019. Gabrielle Johnson delivered the currency to Individual C, in Chicago on April 14, 2019.

h. On April 24, 2019, **JACKIE D. CAMPBELL** agreed with **COURTNEY TYLER JOHNSON** to facilitate the delivery of the marijuana ordered in March and April 2019.

i. On or about April 26, 2019, and in preparation of the arrival of a shipment of marijuana, **JENNIFER FISHER** requested of her mother that **JENNIFER FISHER's** mother rent a storage unit in the mother's name. **JENNIFER FISHER's** mother agreed. **JENNIFER FISHER** then drove her mother to the West Main Storage facility in Decatur, Illinois, where **JENNIFER FISHER's** mother rented Unit G7. Thereafter, **COURTNEY JOHNSON** used Unit G7 to facilitate the distribution of controlled substances.

j. On May 1, 2019, Timothy Lee Ealey and **COURTNEY TYLER JOHNSON** met with **JACKIE D. CAMPBELL** at **JACKIE D. CAMPBELL's** residence in Decatur, Illinois. A semi-tractor trailer arrived with the marijuana **COURTNEY TYLER JOHNSON** ordered. **COURTNEY TYLER JOHNSON** and **JACKIE D. CAMPBELL** unloaded the boxes containing marijuana.

k. On May 1, 2019, after the boxes containing marijuana were unloaded from the semi-tractor trailer, Timothy Lee Ealey, and **COURTNEY TYLER JOHNSON** transported the boxes containing marijuana to **TIMOTHY LEE EALEY's** residence in Decatur, Illinois, in preparation of redistribution of the marijuana.

l. On May 9, 2019, **COURTNEY TYLER JOHNSON** traveled to Chicago, Illinois, and met with Individual C in order to provide to Individual C the balance of the money owed for the May 1, 2019, delivery.

All in violation of Title 18, United States Code Section 2, and Title 21, United States Code, Sections 846 and 841(a)(1).

## Quantity of Marijuana Involved in the Conspiracy

5. With respect to **COURTNEY TYLER JOHNSON**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

6. With respect to **JENNIFER FISHER**, the amount of marijuana involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her is 50 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

7. With respect to **JACKIE D. CAMPBELL**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 50 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 2
(Possession with Intent to Distribute at Least 500 Grams of a Mixture and Substance Containing a Detectable Amount of Cocaine)

THE GRAND JURY CHARGES:

On or about July 11, 2019, in the Central District of Illinois and elsewhere,

**COURTNEY TYLER JOHNSON, a/k/a "Erve;"**

defendant herein, knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 3
(Maintaining Drug-Involved Premises at Unit F19)

THE GRAND JURY CHARGES:

Beginning on an unknown date but no later than July 17, 2018, and continuing to on or about July 11, 2019, in Macon County, Illinois, in the Central District of Illinois,

**COURTNEY TYLER JOHNSON, a/k/a "Erve;"**

defendant herein, did unlawfully and knowingly manage and control a place, namely Unit F19 at Northwest Mini Storage facility located at 2330 IL Highway 121 in Decatur, Illinois, as an occupant, and did knowingly and intentionally rent, lease, and profit from said place for the purpose of unlawfully storing a controlled substance.

All in violation of Title 21, United States Code, Sections 856(a)(2) and (b).

## COUNT 4
### (Maintaining Drug-Involved Premises at Unit G7)

**THE GRAND JURY CHARGES:**

Beginning on or about April 26, 2019, and continuing to on or about July 11, 2019, in Macon County, Illinois, in the Central District of Illinois,

**COURTNEY TYLER JOHNSON, a/k/a "Erve;"**

defendant herein, did unlawfully and knowingly manage and control a place, namely Unit G7 at Storage Masters West Main facility located at 4710 West Main Street in Decatur, Illinois, as an occupant, and did knowingly and intentionally rent, lease, and profit from said place for the purpose of unlawfully storing a controlled substance.

All in violation of Title 21, United States Code, Sections 856(a)(2) and (b).

## COUNT 5
### (Making a False Statement or Representation)

**THE GRAND JURY CHARGES:**

On or about August 22, 2019, in Macon County, within the Central District of Illinois,

**JACKIE D. CAMPBELL;**

defendant herein, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), by stating to a task force officer of the FBI that the defendant had not discussed with Courtney Tyler Johnson the delivery by a semi tractor-trailer prior to May 1, 2019, during an interview in Macon County, Illinois, in the Central District of Illinois. That statement and representation was false because, as defendant then and there

knew, the defendant had a telephone conversation with Courtney Tyler Johnson on or about April 24, 2019, prior to May 1, 2019, during which the defendant and Courtney Tyler Johnson discussed the delivery by a semi tractor-trailer.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 6
### (Conspiracy to Conduct Financial Transactions to Promote Distribution of Controlled Substances)

Between on or about June 15, 2016, and continuing to on or about July 9, 2019, in the Central District of Illinois and elsewhere,

**COURTNEY TYLER JOHNSON, a/k/a "Erve;" and
JENNIFER FISHER, a/k/a "Jennifer Mann;"**

defendants herein, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire with each other to commit an offense against the United States in violation of Title 18, United States Code, Section 1956(a)(1)(A)(ii), to wit: to knowingly and intentionally conduct and attempt to conduct a financial transaction involving the proceeds of distribution of controlled substances, with the intent to promote the carrying on of distribution of controlled substances, and knowing that the property involved in that financial transaction represented the proceeds of distribution of controlled substances.

1. It was part of the conspiracy that on or about June 15, 2016, **COURTNEY TYLER JOHNSON**, coordinated with **JENNIFER FISHER** to induce **COURTNEY TYLER JOHNSON's** grandmother and **JENNIFER FISHER's** mother to lease Unit F19 at Northwest Mini Storage facility located at 2330 IL Highway 121 in Decatur, Illinois, on

**COURTNEY TYLER JOHNSON's** behalf. **COURTNEY TYLER JOHNSON's** grandmother and **JENNIFER FISHER's** mother did lease Unit F19 at **JENNIFER FISHER'S** request and on behalf of **COURTNEY TYLER JOHNSON**. **COURTNEY TYLER JOHNSON** would thereafter reimburse his grandmother for the monthly rent of Unit F19 with money derived from the proceeds of **COURTNEY TYLER JOHNSON's** distribution of controlled substances. **COURTNEY TYLER JOHNSON** and **JENNIFER FISHER** were aware that the proceeds used to reimburse **COURTNEY TYLER JOHNSON's** grandmother and **JENNIFER FISHER's** mother were derived from proceeds of **COURTNEY TYLER JOHNSON's** distribution of controlled substances.

2. It was further part of the conspiracy that on or about April 26, 2019, **COURTNEY TYLER JOHNSON,** coordinated with **JENNIFER FISHER** to induce **COURTNEY TYLER JOHNSON's** grandmother and **JENNIFER FISHER's** mother to lease Unit G7 at Storage Masters West Main facility located at 4710 West Main Street in Decatur, Illinois, on **COURTNEY TYLER JOHNSON's** behalf. **COURTNEY TYLER JOHNSON's** grandmother and **JENNIFER FISHER's** mother did lease Unit G7 at **JENNIFER FISHER'S** request and on behalf of **COURTNEY TYLER JOHNSON**. **COURTNEY TYLER JOHNSON** would thereafter reimburse his grandmother for the monthly rent of Unit G7 with money derived from the proceeds of **COURTNEY TYLER JOHNSON's** distribution of controlled substances. **COURTNEY TYLER JOHNSON** and **JENNIFER FISHER** were aware that the proceeds used to reimburse **COURTNEY TYLER JOHNSON's** grandmother and **JENNIFER FISHER's** mother were derived from proceeds of **COURTNEY TYLER JOHNSON's** distribution of controlled substances.

3. It was further part of the conspiracy that **COURTNEY TYLER JOHNSON** utilized Unit F19 and Unit G7 to store controlled substances in preparation of distributing those controlled substance within the Central District of Illinois and elsewhere. **COURTNEY TYLER JOHNSON** and **JENNIFER FISHER** coordinated to induce **COURTNEY TYLER JOHNSON's** grandmother and **JENNIFER FISHER's** mother to lease Unit F19 and Unit G7 with the intent to promote the carrying on of distribution of controlled substances.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

**THE GRAND JURY CHARGES:**

1. The Grand Jury re-alleges and incorporates by reference the allegations of this Indictment as though fully set forth herein, for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c). Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendants notice that the United States will seek forfeiture of property, criminally and/or civilly, pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

2. Pursuant to Title 21, United States Code, Section 853, if convicted of the offense set forth in this Indictment, the defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense, and any and all property used or intended

to be used in any manner or part to commit and to facilitate the commission of the offense. Such property includes, but is not limited to, the following specific items:

   a. Brown 2008 Chevrolet Avalanche bearing Illinois license plate number 2548763B;

   b. Black 2010 Dodge Challenger bearing Illinois license plate number S162093;

   c. Dark blue 2013 Chrysler Town and Country van bearing Illinois license plate number BD45039;

   d. White 2015 Cadillac Escalade bearing Illinois license plate number Q732877;

   e. $20,196.00 in U.S. currency seized from 25 N. Central Avenue, unit 309, St. Louis, Missouri, on July 11, 2019;

   f. 14 karat yellow gold diamond chain and diamond cross pendant seized from 25 N. Central Avenue, unit 309, St. Louis, Missouri, on July 11, 2019;

   g. 14 karat white gold diamond eternity bands seized from 25 N. Central Avenue, unit 309, St. Louis, Missouri, on July 11, 2019;

   h. 14 karat rose and white gold diamond encrusted Cuban link style chain seized from 25 N. Central Avenue, unit 309, St. Louis, Missouri, on July 11, 2019;

   i. 36mm Rolex, 18 karat yellow gold, President Oyster perpetual watch seized from 25 N. Central Avenue, unit 309, St. Louis, Missouri, on July 11, 2019;

   j. 44mm Audemars Piguet Royal Oak self-winding, diamond-encrusted watch seized from 25 N. Central Avenue, unit 309, St. Louis, Missouri, on July 11, 2019;

   k. 10 karat rose gold and white gold, diamond-encrusted Cuban-style chain seized from 25 N. Central Avenue, unit 309, St. Louis, Missouri, on July 11, 2019;

   l. 10 karat diamond-encrusted, white gold and rose gold medallion seized from 25 N. Central Avenue, unit 309, St. Louis, Missouri, on July 11, 2019; and

   m. $7,402.00 in U.S. currency seized from a bedroom within 3808 Eagle Claw

Drive, Springfield, Illinois, on July 11, 2019.

3. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), if any of the forfeitable property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty.

4. In addition, the United States may seek civil forfeiture of the forfeitable property described above pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

s/Foreperson

FOREPERSON

s/Gregory Gilmore

JOHN C. MILHISER
United States Attorney
CRF